IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

RANDAL McCARTY,     *
            *
  Plaintiff,     *  CIVIL ACTION FILE
            *
vs.         *  NO. _____
            *
ROBERT DZIURA, DAKOTA COOK, *
and JOHN ALEXANDER,   *
            *
  Defendants.    *

## **COMPLAINT FOR DAMAGES**

### NATURE OF THE CASE

1.

This case arises from the wrongful arrest of Randal McCarty, a 65-year-old retiree who was handcuffed in his home based on a grainy eight-second video that officers failed to properly analyze. Police responded to a 911 call reporting public exposure at a residence across the street and to the left from the caller. Despite clear directional information, a video that did not match, and Mr. McCarty's alibi that he had been asleep inside during the evening, officers arrested him. Only after Mr. McCarty was booked into jail did one of the officers review the evidence more carefully and discover that the incident occurred at a different address entirely. These officers violated the Fourth Amendment by failing to take reasonable investigative

steps that would have prevented this obvious error.  Mr. McCarty seeks compensatory and punitive damages, attorney's fees and costs, and a trial by jury.

## PARTIES

2.

Plaintiff RANDAL McCARTY is a resident of Haralson County, Georgia.

3.

Defendant ROBERT DZIURA was employed by the City of Tallapoosa's police department, and acted under color of state law, at all times relevant to this complaint.  Officer Dziura is sued in his individual capacity.

4.

Defendant DAKOTA COOK was employed by the City of Tallapoosa's police department, and acted under color of state law, at all times relevant to this complaint.  Officer Cook is sued in his individual capacity.

5.

Defendant JOHN ALEXANDER was employed by the City of Tallapoosa's police department, and acted under color of state law, at all times relevant to this complaint.  Officer Alexander is sued in his individual capacity.

## VENUE

6.

All acts or omissions alleged in this complaint occurred in the Northern District of Georgia, where at least one defendant resides, and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

<u>JURISDICTION</u>

7.

Jurisdiction for this suit is conferred in part by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

8.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

<u>FACTS</u>

9.

Randal McCarty is a 65-year-old longtime resident of

Tallapoosa, Georgia.  Before retiring, Randal served as an operations manager for Saber Diamond Tools in Ohio and later in Villa Rica.  For more than twenty years, he and his wife, Joann McCarty, have lived peacefully at their home on Broad Street.

<u>911 Call Reporting Exposure:</u>

<u>Across the Street and to the Left</u>

10.

On the evening of July 27, 2025, at 8:46 p.m., Raven Rochester (who resides at 473 Broad Street) called 911 to report that a male neighbor across the street "and to the left" was publicly exposing himself in his front yard.

11.

Ms. Rochester told the 911 operator that she had a video of the man.

12.

Officers were dispatched to Broad Street within minutes.  Dispatch advised the officers that the residence of the male neighbor was yellow with burgundy shutters.

<u>Officers Ignore Physical Descriptions</u>

13.

Officer Dakota Cook arrived first and parked on the street in front of 463 Broad Street, i.e., the McCarty's house.  Their house is sage green with maroon shutters and a

red metal roof.  A Google photo of the residences is below:



14.

Off. Cook knocked on the front door and Randal's wife, Joann, answered.  The two talked pleasantly and Off. Cook asked whether Randal had been on the front porch earlier that evening.

15.

To Off. Cook's question, Joann said no and that Randal was asleep in their bedroom.  Off. Cook asked her to get Randal.

16.

Randal came to the door and, upon hearing the

allegation from Mr. Rochster and her children, laughed and said "I promise to Jesus I have no idea what they're talking about.  I took a melatonin and went to bed."

17.

Meanwhile, Sgt. Robert Dziura was next door speaking with Ms. Rochester and her three grade-school children. They told Sgt. Dziura about the incident.

18.

A video on Ms. Rochester's phone (that one of her children recorded) shows a naked, middle-aged, white male on his front porch.  The video, which is about eight seconds, is grainy and does not clearly show the man's face.

19.

Sgt. Dziura left Ms. Rochester's home and walked next door to the McCarty's house.  Sgt. Dziura told Randal and Joann that it was "clear cut" that Randal was the man who was naked on the front porch because there is a video confirming it.

20.

Upon hearing this, both Randal and Joann were noticeably shocked.  At one point Joann could barely stand and fell to the ground.

21.

Despite the mismatch in house color, layout, location,

and Randal's alibi, the officers pressed Randal to explain whether he was taking any new medication that might cause him to suffer memory loss.  Randal again denied that he was the naked man.

22.

Joann asked the officers if she could see the video.

### Lieutenant Orders Arrest

### Without Probable Cause

23.

Sgt. Dziura phoned Lt. John Alexander for direction. Without reviewing the video or speaking to the eyewitness complainant, Lt. Alexander instructed that (1) Joann could not view the video, and (2) Randal should be arrested.

24.

Randal was handcuffed in his home.  Sobbing, Randal was taken to Haralson County Jail.

### Officers Later Realize the Obvious Error

25.

After Randal was booked into jail, Sgt. Dziura reviewed his notes and the video footage more carefully.  As he put it, "I kept looking and I said, that don't look right to me. And my gut said, I'm gonna have to go check this."

26.

Sgt. Dziura noticed discrepancies between the video and

the McCarty residence.  When he returned to question Ms. Rochester and her children, Sgt. Dziura realized that the incident had occurred at 452 Broad Street (across the street and to the left), not at 463 Broad Street.

27.

Upon discovering the error, the officers immediately arranged for Randal's release from jail.

28.

The correct suspect, a man residing at 452 Broad Street, was arrested later that night.

Count 1

42 U.S.C. § 1983: False Arrest

in violation of the Fourth Amendment

(All Defendants)

29.

Randal incorporates the allegations of paragraphs 1 through 28 here by this reference.

30.

Based upon their experience, knowledge and training as law enforcement officers, the defendants knew or should have known that no arguable probable cause existed to believe that Randal had committed a crime at his home on July 27, 2025.

31.

The defendants personally participated in the seizure of Randal, or, with knowledge of the unlawful conduct, failed to take reasonable steps to prevent it.

32.

As a direct and proximate cause of the defendants' acts and omissions, Randal was detained, arrested, and incarcerated against his will, entitling him to compensatory and punitive damages in an amount to be determined by the enlightened conscience of the jury.

Count 2

42 U.S.C. § 1983: Supervisory Liability for False Arrest in violation of the Fourth Amendment

(Lt. Alexander)

33.

Randal incorporates the allegations of paragraphs 1 through 28 here by this reference.

34.

Lt. Alexander was the on-duty supervising officer of Randal's arrest on July 27, 2025.

35.

When Lt. Alexander issued the instruction, he knew or should have known that there was no probable cause to arrest Randal and that no facts existed that would have justified

an arrest under Georgia or federal law.

36.

Lt. Alexander personally participated in, directed, or approved the unlawful seizure of Randal, or, with knowledge of the unlawful conduct, failed to take reasonable steps to prevent it.

37.

As a direct and proximate result of Lt. Alexander's actions and omissions, Randal was unlawfully arrested, detained, and deprived of his liberty without probable cause, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Count 3

O.C.G.A § 51-7-20: False Imprisonment

(All Defendants)

38.

Randal incorporates the allegations of paragraphs 1 through 28 here by this reference.

39.

The defendants unlawfully detained Randal against his will, depriving him of personal liberty.

40.

The detention of Randal was unlawful because it was not predicated on any process and no exigent circumstances

existed to justify the defendants' conduct.

41.

As a result of this unlawful detention, Randal has suffered physical, emotional, mental and financial injury, entitling him to recover compensatory and punitive damages against the defendants for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

WHEREFORE, Randal respectfully requests the following relief:

(a)  That as to Counts 1, 2, and 3, the Court award Randal damages in an amount to be determined by the enlightened conscience of an impartial jury;

(b)  That Randal be granted a trial by jury on all issues so triable; and

(c)  That Randal be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

BY: /s/ Cary S. Wiggins
Cary S. Wiggins
Ga. Bar No. 757657

WIGGINS LAW GROUP, LLC
Suite 804
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone:  (404) 659-2880

cary@wigginslawgroup.com